# Dewey & LeBoeuf

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

T  +1 212 259 8454
F  +1 212 649 1175
dmateyaschuk@dl.com

May 9, 2012

**VIA ECF AND HAND DELIVERY**

The Honorable Nina Gershon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Linde, et al. v. Arab Bank, PLC*, 04-2799 (NG)(VVP) and related cases

Dear Judge Gershon:

We represent Defendant Arab Bank plc (the "Bank") in the above-referenced actions. We write pursuant to Rule 2E of Your Honor's Individual Motion Practices to request an extension of time for the briefing of *Daubert* and Rule 44.1 motions, and an adjournment or, in the alternative, an extension of time, for the briefing of the Bank's summary judgment motion. This request is made on an urgent basis as a result of the Bank's current need to transition its legal representation to a new firm. The Bank has not made a previous request for an extension or adjournment of the deadlines at issue, and Plaintiffs' counsel has not consented to the relief requested herein.

As widely reported in the press, lawyers at Dewey & LeBoeuf LLP ("Dewey") have been informed that as of this week, the firm does not have a viable path to continue providing legal services, and that personnel will be terminated as of May 15, 2012. In light of these unfortunate events, the Bank will need time to transfer its matters to new counsel.

It is currently anticipated that certain attorneys formerly affiliated with Dewey will continue representing the Bank at a different firm, together with new colleagues that

Dewey & LeBoeuf LLP is a New York limited liability partnership.

NEW YORK | LONDON | WASHINGTON, DC | ABU DHABI | ALBANY | ALMATY | BEIJING | BOSTON | BRUSSELS
CHICAGO | DOHA | DUBAI | FRANKFURT | HONG KONG | HOUSTON | JOHANNESBURG (PTY) LTD. | LOS ANGELES
MADRID | MILAN | MOSCOW | PARIS | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

have not yet been chosen. However, a significant number of Dewey attorneys that have appeared in this case are expected to file notices of withdrawal in the coming days, have already ceased working on the Bank's matters, and are not expected to continue representing the Bank in any capacity going forward. Numerous other attorneys that worked on the Bank's matters at Dewey are, unfortunately, not expected to be part of the Bank's future litigation team. Each of these attorneys has amassed their own collections of client files and work product that relate to ongoing issues in the litigation which will need to be transferred, evaluated and reassigned.

As a result of the unfortunate events at Dewey, thousands of clients will need to seek new counsel, and hundreds of thousands of client records will need to be subjected to an authorization and review process before being transferred to new firms. The Bank's vast library of files and attorney work product, including many hundreds of boxes of pertinent litigation research and attorney notes, must be inspected by a limited number of designated Dewey personnel who, we are advised, are not expected to be able to approve the transfer of the Bank's files for 2-4 weeks, and possibly longer.

For these reasons, and those stated more fully herein, we respectfully request that the Court grant the Bank's urgent request for immediate relief from the current briefing schedule.

## I. The Bank Will Suffer Irreparable Harm Unless The Current Briefing Schedule Is Extended.

At this time, there are numerous pressing briefing and discovery deadlines. <u>First</u>, the parties' opposition briefs in connection with fifteen *Daubert* motions are currently due on May 30, 2012, with reply briefs currently due on June 13, 2012. <u>Second</u>, the Bank's reply brief in further support of its motion to submit evidence of foreign law at trial is currently due on May 21, 2012. <u>Third</u>, Plaintiffs are currently scheduled to take the deposition of the Bank's witness, Umayya Toukan, the former Minister of Finance of the Hashemite Kingdom of Jordan and previous Chairman and Governor of the Central Bank of Jordan, on May 16-18, 2012. <u>Fourth</u>, the Bank is currently scheduled to take the deposition of one of Plaintiffs' witnesses, Colin Hames, a former member of Israel's Civil Administration in Judea and Samaria, on June 12-13, 2012. <u>Fifth</u>, the continuation of the deposition of one of the Bank's witnesses, Edward Gnehm, a former U.S. Ambassador to Jordan, is expected to be scheduled in the future.

In total, this schedule includes deadlines for six Bank opposition briefs, ten Bank reply briefs and the conduct of three additional fact witness depositions, all expected to occur within the next 45 days. Additionally, over the Bank's objection, the Court has now directed the Defendant to submit a previously unscheduled summary judgment motion by June 8, 2012. Order, May 8, 2012 (Gershon, J.), attached hereto as <u>Ex</u>. 1. As

The Hon. Nina Gershon
May 9, 2012
Page 3

discussed *infra* at II, the Bank respectfully believes that the Court should have deferred briefing of the Bank's summary judgment motion until after fact discovery was completed, after *Daubert* and Rule 44.1 issues were resolved, and after the Court of Appeals has decided the Bank's pending mandamus petition and collateral order appeal.

Even under ideal circumstances that did not involve the likely cessation of business of Dewey & LeBoeuf, the filing of summary judgment motions within 30 days in this case would, we respectfully submit, impose an unreasonable burden on the Bank. As the Court knows, the record in this case comprises nearly 900,000 pages of documents, more than 1,000 hours of deposition testimony, and several thousand pages of expert reports and related exhibits. During this period of transition of the Bank's legal representation, the Bank will suffer unreasonable prejudice if it is required to brief summary judgment issues within the narrow 30 day window established by the Court, especially in light of the significant burdens created by coupling this briefing exercise with the substantial motion practice that was already scheduled, as well as the conduct of ongoing factual discovery.

Requiring the Bank to file seventeen *Daubert*, summary judgment and Rule 44.1 briefs within the next 40 days—arguably among the most important and factually-intensive briefs in this case—while its legal representation is unsettled and thousands of its files are currently waiting to be reviewed and moved, would result in irreparable harm to the Bank. There is no precedent supporting the imposition of such an unreasonable burden on a defendant facing the type of extenuating circumstances that exist here, especially in light of the long duration of this matter.

In light of these facts, the Bank's remaining Dewey counsel reached out to Plaintiffs in an effort to obtain their consent to file a proposed stipulation seeking the Court's endorsement of a 30 day extension of time to file both *Daubert* opposition briefs and the Rule 44.1 reply brief, and a 60 day extension of time to file summary judgment motions.[1] By email dated May 8, 2012, Mr. Osen stated that the *Linde/Coulter* and *Almog/Afriat-Kurtzer* Plaintiffs would consent to an extension, but that the Sayles

---

[1] In the substantially similar cases filed by hundreds of Plaintiffs, represented by the same counsel, against Credit Lyonnais, S.A. ("CL") and National Westminster Bank, Plc ("NatWest"), Plaintiffs agreed to provide the defendants several months to file their summary judgment motions. *See, e.g., Weiss, et al. v. Nat'l Westminster Bank PLC,* 05-CV-04622 (DLI) (MDG) (E.D.N.Y.), Oct. 12, 2011 (Docket Order) (approving the proposed summary judgment briefing schedule submitted on consent by NatWest and Plaintiffs). Unlike the present circumstances, the summary judgment briefing schedule in the CL and NatWest cases was not impacted by either defendant's need to change legal representation, nor was it impacted by the transfer of either defendant's files to a new law firm. Moreover, the cases pending against both CL and NatWest involve a vastly smaller discovery record and more limited universe of allegations.

The Hon. Nina Gershon
May 9, 2012
Page 4

Werbner Plaintiffs did not consent to any change in the schedule." *See* Email from G. Osen, Esq., to S. Young, Esq., dated May 8, 2012, attached hereto as Ex. 2.[2]

We are disappointed that after extending countless professional courtesies to Plaintiffs' counsel over the past eight years, they have chosen to oppose the Bank's reasonable scheduling requests under the present circumstances, especially since at the status conference before the Court on May 2, 2012, Plaintiffs' counsel stated that briefing summary judgment motions before *Daubert* motions are decided would likely result in "an enormous amount of time and briefing that is probably going to be a waste of everyone's time." Hr'g Tr. at 29:23-30:8, May 2, 2012 (statement of G. Osen, Esq.), attached as Ex. 3. At the time, this Court indicated its agreement: "I'm certainly not contemplating scheduling the motion for summary judgment until I've ruled on these other motions. If that's your point, I quite agree with that." *Id.* at 30:9-12.

Counsel for the *Litle/Roth/Jesner/Bennett* Plaintiffs was the only party to voice a strong objection to scheduling the Bank's motion for summary judgment following resolution of *Daubert* motion practice:

> I understand the logic that [Mr. Osen] was addressing of let's see how the [*Daubert* motions] comes out and it may be like that; my thinking is how we can move the case as quickly as possible consistent with the burdens that we all have in it. . . . I'm wondering if maybe the defense just file all the motions for summary judgment they want to, let's say, you know, June 1st or whenever. The Court doesn't need to deal with it at any point until it becomes ripe . . . I think even in their letter, if I'm not mistaken, they said they could file them fairly quickly[.] . . . I know there's some perhaps inefficiency with the *Daubert* [motions] but I think we can, as the lawyers out here, deal with it . . . and if for some reason the *Daubert* rulings impact that, we could do a short supplement that would address that.

*Id.* at 32:1-12 (statement of M. Werbner, Esq.). The Bank never suggested, however, that it could file summary judgment motions "fairly quickly," but instead argued that these motions should not be filed until "45 days from the later of the dates of the final order

---

[2] Plaintiffs' counsel also offered to provide the Bank's counsel with "a portable hard drive" containing certain case files so that the Bank's litigation team would have them while it relocated. *Id.* However, as previously mentioned, many of the Bank's Dewey counsel will not be relocating to continue representing the Bank. Moreover, the Bank's Dewey counsel created libraries of research collections, notes, incident-specific files, legal memoranda, Plaintiff discovery analyses, and other work product, that must be transferred to the Bank's new law firm so that its counsel can reference those materials in drafting the currently scheduled motions and which Plaintiffs cannot access and which would not be on any "hard drive" that Plaintiffs might provide.

The Hon. Nina Gershon
May 9, 2012
Page 5

resolving all of the following: its collateral order appeal and mandamus petition pending before the Court of Appeals; its motion in support of the submission of foreign law evidence at trial; and its [*Daubert*] motions." *See* Ltr. from K. Walsh, Esq. to Hon. Nina Gershon, dated Apr. 25, 2012, attached hereto as Ex. 4. Additionally, the Bank informed the Court that fact discovery was ongoing, with three witnesses left to be deposed. *Id.* at 33:6-13; *see also* Order, Sept. 12, 2007 (Gershon, J.) (denying as "premature" the Bank's request to schedule discrete summary judgment motion practice "[i]n light of ongoing discovery"), attached hereto as Ex. 5.

It is clear that Plaintiffs' current position is an unfortunate attempt to derive tactical advantage from regrettable circumstances beyond the control of the Bank. During a meet and confer with regard to these scheduling issues, counsel for the *Linde/Coulter* Plaintiffs suggested that the Court was likely aware of Dewey's circumstances when it issued its May 8, 2012 scheduling order, and therefore the parties may not be able to modify the deadlines. However, requiring the Bank to undertake the most significant briefing initiative in this case at this time—at a time when it has been required to transfer its legal representation to another firm and thousands of its files are pending review and are thus unavailable to counsel—would be profoundly prejudicial to the Bank's defense of this case.

In consideration of the above, the Bank respectfully requests that the Court extend the current pending briefing deadlines as follows:

**Rule 44.1 Motion**
- June 21, 2012: Arab Bank will file its reply papers in support of its Rule 44.1 motion (currently due May 21, 2012).

***Daubert*** **Motions**
- June 29, 2012: Arab Bank and Plaintiffs will file all opposing *Daubert* papers (currently due May 30, 2012).
  - July 16, 2012: Arab Bank and Plaintiffs will file all reply *Daubert* papers (currently due June 13, 2012).

**Summary Judgment Motion** (if the Bank's request to adjourn summary judgment briefing is denied)
- August 8, 2012: Arab Bank will serve its summary judgment motion (currently due June 8, 2012).
  - September 24, 2012: Plaintiffs will serve their opposing papers (currently due July 6, 2012).
  - October 24, 2012: Arab Bank will serve its reply and file the bundled motion (currently due July 20, 2012).

The Hon. Nina Gershon
May 9, 2012
Page 6

A proposed Revised Scheduling Order reflecting these dates is attached hereto. *See* Ex. 6.

## II. The Bank Specifically Requests An Adjournment Of Summary Judgment Briefing.

The main argument offered by Plaintiffs in ostensible support of requiring the Bank to brief its summary judgment motions now, before fact discovery has been completed, before the Court of Appeals has decided the Bank's pending mandamus petition and collateral order appeal, and before this Court has decided the Bank's *Daubert* motions, was a desire to move the case forward as promptly as possible with the belief that "with the eight lawyers or ten or twelve that [the Bank has] and the[ir] other resources they can get their motion on file at least sometime in the next 45 days, 30 days." Hr'g Tr. at 43:14-17, May 2, 2012 (statement of M. Werbner, Esq.) (additionally recognizing that briefing summary judgment issues now would "perhaps" result in "inefficiency"). To the extent that the Court relied upon this representation of the Bank's legal resources in issuing its May 8, 2012 scheduling order, these circumstances unfortunately have changed for the near term.

Additionally, despite Mr. Werbner's suggestion that summary judgment motion practice can proceed before the Court decides *Daubert* motions, all Plaintiffs wrote to the Court on April 18, 2012, with the consent of the Bank, seeking permission to file *Daubert* briefs in excess of governing page limits in light of "the importance of the [*Daubert*] issues to the future scope and logistics for these cases." Consent Mot., Apr. 18, 2012 (*Linde* Docket No. 804). Indeed, as Mr. Osen acknowledged, the Court's determination of the *Daubert* motions, which Plaintiffs concede address the "core" issues to be decided in this case, will greatly inform any contemplated summary judgment motion the Bank will file. Hr'g Tr. at 29:23-30:8, May 2, 2012 (statement of G. Osen, Esq.); *see also id.* at 41:15-21 ("The [challenged] experts, Your Honor, go to all of the important issues in this case. They speak to issues of attribution, of *scienter*, of causation and whether the organizations at issue, charitable organizations[,] are indeed front organizations [for Hamas] as the plaintiffs contend. They implicate every significant issue that must be considered for any assessment of liability.") (statement of K. Walsh, Esq.).

Mr. Werbner suggests that the parties can simply address the impact of the Court's eventual *Daubert* decisions on summary judgment motions through the submission of supplemental briefing. *Id.* at 32:11-12. Yet, in acknowledging the possible need for such briefing, Plaintiffs concede that no interest of expediency will be served by scheduling summary judgment briefing now. Instead, in the words of Plaintiffs' counsel, "inefficiency" and a "waste of everyone's time" will result. *Id.* at 30:8, 32:8. This is especially true where, as here, multiple rounds of supplemental briefing may be required to address the impact of any decision that may be issued by the

The Hon. Nina Gershon
May 9, 2012
Page 7

Court of Appeals, or any developments in the factual record as discovery continues. Briefing these important motions in such a piecemeal fashion does not serve anyone's interests, and will only add needless layers of complexity to what will be a substantial briefing exercise. *See, e.g.,* Ex. 5 (stating that the Court disfavors "piecemeal [summary judgment] motions").

By requiring the Bank to brief its summary judgment motion before the conclusion of fact discovery, the Court has also departed from its prior decision holding that summary judgment motion practice is "premature" where discovery is ongoing. *See* Ex. 5. Here, the Bank has yet to depose Plaintiffs' witness, Colin Hames. According to the Plaintiffs, Mr. Hames, whose deposition is currently scheduled for June 12-13, 2012, "may testify about his role in the Civil Administration in Judea and Samaria, the data collection and analysis performed by the Civil Administration in Judea and Samaria during the years 2000-2004 and the chain of custody of certain documents seized by the IDF from organizations in the course of Operation Defensive Shield." *See* Ltr. from J. Eubanks, Esq. to Kevin Walsh, Esq., dated Jan. 13, 2012, attached hereto as Ex. 7. In connection with the deposition of Mr. Hames, Plaintiffs identified hundreds of pages of documents that they claim relate to their "front organization" theory of liability, and at least one document that mentions the Bank by name.

It appears clear that Mr. Hames's testimony may impact the scope and content of the Bank's summary judgment motions. However, the Bank will not know to what extent his testimony is relevant to its potential motions until after his deposition is concluded in mid-June.

For these reasons, scheduling summary judgment motion practice at this time will cause serious and unfair prejudice to the Bank and greatly impair its ability to defend itself in actions that expose it to massive liability. Accordingly, the Bank requests that summary judgment motion practice be adjourned until after the Court of Appeals issues a decision on the Bank's pending mandamus petition and collateral order appeal, and this Court's decides the *Daubert* and Rule 44.1 motions that are currently being briefed.

The Hon. Nina Gershon
May 9, 2012
Page 8

      We respectfully request that the Court grant the Bank's request for relief from the current briefing schedule as proposed above or, alternatively, stay the summary judgment and *Daubert* briefing schedule pending the ruling of the Court of Appeals. In light of the imminence of the Court's deadlines, we respectfully request that the Court consider our application at its earliest opportunity.

Respectfully submitted,

Douglas W. Mateyaschuk

cc:    All Counsel (by ECF)
        Honorable Viktor V. Pohorelsky (by hand delivery)

**SERVICE LIST**

**BY ELECTRONIC DELIVERY:**

**IN** *LITLE, ET AL. V. ARAB BANK, PLC,* **CV 04-5449 &** *BENNETT, ET AL. V. ARAB BANK, PLC***, CV 05-3183 &** *ROTH, ET AL. V. ARAB BANK, PLC,* **CV 05-3738 &** *WEISS, ET. AL. V. ARAB BANK, PLC,* **CV 06-1623 &** *JESNER, ET. AL. V. ARAB BANK, PLC, CV 06-3869*

**Liaison Counsel for** *Litle, Bennett, Roth, Weiss, and Jesner* **Plaintiffs:**
James P. Bonner, Esq (jbonner@lawssb.com)
STONE BONNER & ROCCO LLP
485 Seventh Avenue
Suite 1000
New York, N.Y. 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

**Co-Counsel for** *Litle, Bennett, Roth, Weiss, and Jesner* **Plaintiffs:**
Mark S. Werbner, Esq. (mwerbner@swtriallaw.com)
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Telephone: (214) 939-8711
Facsimile: (214) 939-8787

**Co-Counsel for** *Litle, Bennett, Roth, and Weiss* **Plaintiffs:**
Richard D. Heideman, Esq. (rdheideman@hnklaw.com)
HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, NW
Fifth Floor
Washington, D.C. 20036
Telephone: (202) 462-8990
Facsimile: (202) 462-8995

Steven R. Perles, Esq. (sperles@perleslaw.com)
PERLES LAW FIRM, P.C.
1146 19th Street, NW
Washington, D.C. 20036
Telephone: (202) 745-1300
Facsimile: (202) 745-1858

**Co-Counsel for *Jesner* Plaintiffs:**
Jonathan David, Esq. (jonathan@thedavidlawfirm.com)
THE DAVID LAW FIRM, P.C.
10655 Six Pines Drive
Suite 260
The Woodlands, TX 77380
Telephone: (281) 296-9090
Facsimile: (281) 296-9494

**IN *LINDE, ET AL. v. ARAB BANK, PLC*, CV 04-2799 & *COULTER, ET AL. v. ARAB BANK, PLC,* CV 05-365**

**Liaison Counsel for *Linde* Plaintiffs; Co-counsel for the *Coulter* Plaintiffs**:
Andrew D. Friedman, Esq. (afriedman@gbgfriedman.com) *
GLANCY BINKOW & GOLDBERG LLP
430 Park Avenue, Suite 702
New York, New York 10022
Telephone: (212) 308-6300
Fax: (212) 308-6570

**Counsel for the *Coulter* Plaintiffs; Co-Counsel for *Linde* Plaintiffs:**
Gary M. Osen, Esq. (gmo@osen.us)
Peter Raven-Hansen (praven@law.gwu.edu)
OSEN LLC
2 University Plaza, Suite 201
Hackensack, NJ 07601
Telephone: (201) 265 6400

Steven M. Steingard, Esq. (ssteingard@kohnswift.com)
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

**IN *ALMOG, ET AL. v. ARAB BANK, PLC*, CV 04-5564 & *AFRIAT-KURTZER, ET AL. V. ARAB BANK, PLC,* CV 05-388 & *LEV, ET AL. V. ARAB BANK, PLC, CV* 08-3251**

**Counsel for *Almog, Afriat-Kurtzer & Lev* Plaintiffs**
Ronald L. Motley, Esq. (rmotley@motleyrice.com)
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
Michael Elsner, Esq. (melsner@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard

P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

**Counsel for *Almog* & *Afriat-Kurtzer* Plaintiffs**
Gaveriel Mairone, Esq.
MM~LAW LLC
Rehov HaMered 25
Trade Tower, Suite 3000
Tel-Aviv, 61501, Israel
Telephone: +972-3-517-00-88

**Co-Counsel for *Almog* & *Lev* Plaintiffs**
Allan Gerson, Esq. (ag@ag-il.com)
AG INTERNATIONAL LAW, PLLC
2131 S. Street NW
Washington, D.C. 20008
Telephone: (202) 234-9717

**Additional Counsel for *Almog* Plaintiffs**
Gregory P. Joseph, Esq. (gjoseph@josephnyc.com)
GREGORY P. JOSEPH LAW OFFICES LLC
805 Third Avenue
31st Floor
New York, NY 10022
Telephone: (212) 407-1200
Facsimile: (212) 407-1299

**IN *AGURENKO, ET AL. v. ARAB BANK, PLC*, CV 10-626**

**Counsel for *Agurenko* Plaintiffs**
David S. Stone (dstone@stonemagnalaw.com)
Stone & Magnanini, LLP
150 JFK Parkway
4th Floor
Short Hills, NJ 07078
973-218-1111
Fax: 973-218-1106