UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
LINDE, et al.,

                Plaintiffs,

        -against-                        04-cv-2799 (BMC)(PK)

ARAB BANK, PLC,

                Defendant.
----------------------------------------------------------- X
LITLE, et al.,

                Plaintiffs,

        -against-                        04-cv-5499 (BMC)(PK)

ARAB BANK, PLC,

                Defendant.
----------------------------------------------------------- X
BENNETT, et al.,

                Plaintiffs,

        -against-                        05-cv-3183 (BMC)(PK)

ARAB BANK, PLC,

                Defendant.
----------------------------------------------------------- X
ROTH, et al.,

                Plaintiffs,

        -against-                        05-cv-3738 (BMC)(PK)

ARAB BANK, PLC,

                Defendant.
----------------------------------------------------------- X

```
WEISS, et al.,                              :
                                            :
                        Plaintiffs,         :
                                            :   06-cv-1623 (BMC)(PK)
            -against-                       :
                                            :
ARAB BANK, PLC,                             :
                                            :
                        Defendant.          :
                                            :
-------------------------------------------- X
JESNER, et al.,                             :
                                            :
                        Plaintiffs,         :
                                            :
            -against-                       :   06-cv-3869 (BMC)(PK)
                                            :
ARAB BANK, PLC,                             :
                                            :
                        Defendant.          :
                                            :
-------------------------------------------- X
```

**COGAN**, District Judge.

# ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Peggy Kuo. Familiarity with her R&R is presumed, but to summarize, she recommended a fee award in favor of Interested Party Jackob Raz, an Israeli attorney who performed legal services in Israel for some of the plaintiffs' law firms in these actions, primarily the defense of certain depositions, to be recovered from those Law Firms. The Law Firms recovered nothing in these actions because they were on a contingency fee and the actions were not resolved in favor of plaintiffs. Raz claimed $911,710.80; Judge Kuo recommended reducing that to $105,507.50. Neither the Law Firms nor Raz were entirely satisfied with that recommendation (Raz is especially dissatisfied) so both sides objected. The parties' objections are addressed below.

1. I note at the outset that Raz has made a number of additional claims and raised arguments in his objection to the R&R that he never raised before Judge Kuo. These are all

2

rejected because Raz had an opportunity to raise them before Judge Kuo and did not. See Zhao v. State Univ. of N.Y., No. 04-cv-210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). These include a request for an adverse inference to be drawn against the Law Firms based on alleged spoliation of evidence; additional compensation for allegedly procuring additional plaintiffs in one of the member actions; a claim that Raz is entitled to more compensation because he attended depositions of law firms other than the Law Firms; and that an upward adjustment of his fee is appropriate because of the trauma Raz suffered in preparing emotionally damaged witnesses who he then represented at depositions.

       2.      In addition to finding that these arguments are waived because they were not raised before Judge Kuo – Raz doesn't get two chances to make his motion – none of them have any merit. There was no spoliation. A former associate at one of the Law Firms who scheduled the depositions of some of the clients left four years before Raz made his fee application. By that time, his Law Firm had transitioned to new technology and those scheduling emails could not be found despite diligent effort by the Law Firm. Right there, the requirements for spoliation are not satisfied because there was no culpable state of mind. And Raz has given no indication that scheduling emails would assist his claim in any event. See generally Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002). It is quite ironic that Raz seeks a spoliation consideration since he admits keeping absolutely no records of time he spent on this matter and yet seeks a $1 million fee.

3. As to finding additional plaintiffs, assuming *arguendo* that he did, his written retainer agreement made clear who the clients were that could form the basis of compensation to Raz. And as to having a right to compensation for other claimants who were not the Law Firms' clients, there is simply no basis for it. I am also not awarding a bonus for emotional trauma he incurred by representing these plaintiffs in their depositions because that is usually the situation in a serious personal injury case and he certainly knew about it going into this case.

4. I also easily reject Raz's claim that he should have received a fee of $700 per hour, which is absurd. He has not documented that he ever received anything like that in his practice and the record is convincing (through the Law Firms' expert evidence) that an attorney of his experience in Israel would get closer to $100 per hour and possibly much less. The expert affidavit Raz submitted to support his $700 per hour request hurts him more than it helps him by contrasting him with the practitioners it cites to get to that number.

5. Judge Kuo recommended $350 per hour as reflective of the hourly rate attorneys charge in this District. See Harrell v. City of New York, No. 14-cv-7246, 2017 WL 9538163, at *8 (S.D.N.Y. July 20, 2017). The Law Firms object to this, first contending that he should be allowed nothing because he kept no records whatsoever, and lack of time records is a door-closer to the recovery of fees in the Second Circuit. See Scott v. City of N.Y., 636 F.3d 130, 133 (2d Cir. 2010). Alternatively, the Law Firms say he should get no more than the $100 per hour he charges in Israel because he never stepped out of Israel and everyone for whom he appeared at deposition was an Israeli.

6. The Law Firms have the better of the argument. The purpose of the forum rate rule is to prevent other districts with lower rates from having to "match" districts with higher rates. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany

Cnty. Bd. of Elections, 522 F.3d 182, 191 (2d Cir. 2008).  It is not meant to give foreign attorneys an opportunity to collect a windfall just for doing what they normally do in their usual place of practice.

7.  It would be one thing if Raz had set foot in this District, strategized the case as prosecuted here, or worked on motions that were filed in this case, or even if he complied with the basic rules for making fee applications (like keeping time records) with which all attorneys, local and *pro hac vice*, are required to comply.  But his remit was narrow: stay in Israel and defend depositions.  Without complying with any of the rules concerning fee applications in this District, he has no right to be paid as a compliant member of the bar would be paid here.  On this point (and only on this point), I respectfully disagree with Judge Kuo.

8.  However, he did provide, or at least attempted to provide, value to the Law Firms.  As I previously held, it is unreasonable to assume that Raz took on the deposition-related work without expecting to be paid, as those services categorically differ from the administrative services (pertaining to hiring employees and interacting with new clients) covered by the retainer agreement between the parties.  Since this is a *quantum meruit* exercise, I believe he is entitled to some compensation for the time he spent on this legal work.  I am therefore reducing what would be a standard rate in this District for this work – the $350 per hour that Judge Kuo found – to $200 per hour, with travel time at $100 per hour.

9.  The remainder of the R&R is hereby adopted.  The Law Firms' objections to the R&R are sustained in part and overruled in part; Raz's objections to the R&R are overruled; and

his motion to recover fees is granted in part and denied in part.  He is awarded fees of $50,500 for work performed and $9,800 for travel time, for a total of $60,300.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 18, 2024